Blackford, J.
This was an indictment against the plaintiff in error for usury. Plea, not guilty. Verdict and judgment for the State.
The indictment charges that the defendant, on, &c., at, &e., having lent to one Henry Furry the sum of $90.00 for the term of three months then next following, did then and there unlawfully and usuriously ask, demand, and receive in advance, of and from him the said Henry Furry, the sum of $5.00 as interest for the use of the said sum, &c.; being a much larger rate of interest, &c.
On the trial, the Court instructed the jury, that if they were satisfied that the defendant lent to Furry the sum of $90.00 for ninety days, and took from him a promissory note for $95.00, payable three months after date; and that after the note became due, Furry paid the defendant the $95.00 in cash, and paid in work and cash at the rate of ten per cent, per an-num for the forbearance of the $95.00; the indictment would be sustained.
We understand the indictment to allege that the contract was for a loan of $90 for three months, for which loan $5.00 as interest were to be paid in advance, at the time of making the loan; and that the $5.00 were accordingly paid in advance, in pursuance of the contract. The indictment so understood would not be sustained by proof of the facts mentioned in the instruction to the jury, because the contract proved would’not be the same with that described in the indictment. According to the indictment the agreement was to pay the usurious interest in advance, at the time the loan was made, but according to *527 the evidence, the agreement was to pay it, not in advance, but three months afterwards, that is, when the principal should become due. That is a fatal variance. We decided at the last term, that an indictment for usury, alleging the loan to have been made for three months, was not supported by evidence of a loan made for three months and for one month in addition at the option of the borrower. Merriman v. The State. The principle on which that case was decided must govern the one before us; it is this, that if there be a variance between *the contract alleged in the indictment and that proved on the trial, the prosecution must fail. 2 Stark. Ev., 1186.
Q. H. Teat, for the plaintiff.
H. O'Neal, for the State.
Per Curiam.—The judgment is reversed. Cause remanded, &G.